### ERIE COUNTY *v.* JONES.

*(Supreme Court, General Term, Fifth Department. June 23, 1888.)*

COUNTIES—OFFICERS—TREASURER OF ERIE COUNTY—FEES—SALARY.

> Prior to May 1881, Erie county was excluded from the operation of Laws 1877, c. 436, which provided that county treasurers thereafter elected should receive a salary to be fixed at least six months before their election, and should receive to their own use no other fees or compensation except upon the sale of lands for taxes, and which was amended by Laws 1880, c. 233, to provide that they should receive, for the benefit of their several counties, certain compensation previously allowed them. Laws 1881, c. 411, which went into effect January 1, 1882, extended the operation of the act to Erie county; and by an act passed in June, 1881, and taking effect from its passage, it was provided that the salary of every treasurer of Erie county thereafter elected or appointed should be fixed before he entered upon the duties of his office. The salary was fixed pursuant to that act, and defendant was thereafter elected for the term beginning January 1, 1882. *Held* that, although Laws 1881, c. 411, would apply only to treasurers elected after it went into effect, it is to be construed in connection with the act of June, 1881; and the two read together show the legislative intent to make the treasurer elected in 1881 a salaried officer, and subject to the provisions of Laws 1877, c. 436.

Appeal from special term, Erie county.

Action by board of supervisors of Erie county against Henry R. Jones, to recover fees and commissions received by him as county treasurer, and not paid over to the county. Defendant appeals from a judgment in favor of plaintiff.

Argued before HAIGHT, BRADLEY, and DWIGHT, JJ.

*George J. Sicard,* for appellant.　*C. F. Tabor,* for respondent.

BRADLEY, J. The action was brought to recover moneys amounting to upwards of $9,000 collected and received by the defendant for fees and commissions as treasurer of the county in the years of 1882 and 1883, which it is alleged he wrongfully retains, and refuses to pay over to the county. The question, therefore, is whether the treasurer or the county was entitled to the fees and commissions which came to him as such; and this depends upon the statute by which the rights of the parties were governed in that respect. Prior to the "act in relation to county treasurers," (Laws 1877, c. 436;) the treasurer of Erie county was entitled to receive, pursuant to statute, such fees and commissions to his own use. By that act it was provided that every county treasurer thereafter elected or appointed should receive as compensation an annual salary to be fixed by the board of supervisors, and that he should receive to his own use no fees or other compensation for his services except in proceedings for the sale of lands for unpaid taxes. Id. § 5. That act embraced within its provisions the county of Erie. But by Laws 1880, c. 580, that county was excluded from the operation of the act of 1877, which had the effect to restore the right of the treasurer to fees as compensation for services pursuant to former statutes. In May, 1881, an act was passed, to take effect

the 1st day of January, 1882, which restored the application of the provisions of the act of 1877 to the county. Laws 1881, c. 411. This was followed by an act passed in June of the same year, and taking effect at the time of its passage, providing that every county treasurer thereafter elected or appointed in Erie county should receive as compensation for his services an annual salary not less than $5,000 to be fixed by the board of supervisors before he should enter upon the duties of his office. Pursuant to that act such board, November 2, 1881, duly fixed the annual salary of the defendant as county treasurer at the sum of $5,000. And at the annual election on the 8th day of November of that year, the defendant was elected as county treasurer for the full term of three years from the 1st day of January following; and that salary was paid to him for each of such three years. It is contended that, as the operation of the act of 1877 was not applicable to the county of Erie at the time of the defendant's election, and did not become operative there until the 1st day of January following, his compensation was not restricted by it, and that his right to the appropriation of fees under prior statutes continued. The question depends wholly upon the construction of the statutes, because no vested right in respect to compensation was derived by the defendant from the situation represented by them in that respect at the time of his election. Unearned salary or compensation of a public officer is in no sense property, and it may be changed at any time during his term, when the legislative power in that respect is unrestricted by the constitution. *Conner* v. *Mayor*, 5 N. Y. 285; *McVeany* v. *Mayor*, 80 N. Y. 185; *Butler* v. *Pennsylvania*, 10 How. 402. It is, however, urged by the learned counsel for the defendant that, as the act of May, 1881, restoring the provisions of that of 1877 to the county, did not take effect until January following, the latter act was not made applicable to the defendant's term of office, because its provisions upon the subject in question relate only to county treasurers thereafter elected. Section 5. It is true that the provision of that section that "every county treasurer hereafter elected or appointed shall receive as compensation for his services an annual salary," etc., did not become applicable to the county until the 1st day of January, 1882, and the term "hereafter," therein used, as applied to such county, had relation to a treasurer elected after that day, and by a subsequent provision of the same section to such officer whose salary was fixed at least six months before his election; so that, without the aid of some further legislation, it is difficult to see how the provision in question of the act of 1877 could be made applicable to the defendant. *Ely* v. *Holton*, 15 N. Y 595; *Moore* v. *Mausert*, 49 N. Y 332. But pursuant to the act of June, 1881, the compensation for the defendant's official services was made a salary. And while that act does not in express terms deny his right to take to his own use fees of the office, there can be seen no legitimate purpose of the statute other than that the salary contemplated by it was to take by way of compensation the place of the fees which before then the treasurer was entitled to have for his services; and the application is permitted of the maxim that the expression of one thing is the exclusion of another. In 1880 the act of 1877 was amended [1] by the provision that the act should not be construed as preventing the county treasurer of any county in which he is a salaried officer from retaining for the benefit of the county the same compensation allowed by law where he is not a salaried officer, and in such case the comptroller is authorized to allow to the treasurer, for the benefit of the county on state taxes, the compensation allowed by law. These several statutes *in pari materia*, construed together, as they may be, quite clearly show that the legislative intent was to make the treasurer elected in Erie county in 1881 a salaried officer, and render the provisions of the act of 1877 applicable to him; and while, by the act of May 1881, the county would be brought within that

_____
[1] Laws 1880, c. 233.

act on the 1st of January following, it was apparent that the provisions of its section 5, were such that the treasurer elected the November previous could not be made a salaried officer.    Thereupon the act of June was passed, to obviate that difficulty, and both together restored the application to his county of the act of 1877, simultaneously with the commencement of his term of office, and permitted him to become a salaried officer.    The evident purpose of the act of June, 1881, was to overcome such obstruction, and qualify in that respect the provisions of section 5, before referred to; and although that may not be the strict construction of the language used to accomplish such purpose, the legislative intent in that respect must govern.    It is quite apparent from the provisions of the several acts before mentioned that the design of the legislature was that the treasurer, when he became a salaried officer, should receive to his own use no other compensation not within the exception before mentioned, but that the then existing statutes giving fees and commissions to such treasurer should remain operative for the benefit of the county, and that the treasurer should receive in its behalf and account to the county for them; and so far, and for that purpose only, the effect of those statutes was qualified.    The same remark is applicable to the provisions of section 3321 of the Code of Civil Procedure.    And embraced within this proposition are the provisions for compensation to the treasurer for receiving and paying over the state tax moneys and the fees allowed for that, as well as other moneys by him received by way of fees and commissions not within the exception expressly made in the act of 1877.    For all this the salary is intended as a substitute by way of compensation to the county treasurer.    In re Railroad, 7 Abb. N. C. 408.    The judgment should be affirmed.

HAIGHT and DWIGHT, JJ., concur.